# BAKER BOTTS LLP

700 K STREET, N.W.
WASHINGTON, D.C.
20001

TEL  +1 202.639.7700
FAX +1 202.639.7890
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
SINGAPORE
**WASHINGTON**

May 21, 2025


VIA CM/ECF

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

> **Re:    Maron v. Chief Financial Officer of Florida, No. 23-13178**
> **Rule 28(j) letter**

Dear Mr. Smith:

I write to notify the panel of this Court's recent decision in *Maron v. Chief Financial Officer of Florida*, No. 23-13178, 2025 WL 1416665 (11th Cir. May 16, 2025), which vacated a district court judgment and revived a Takings challenge to a provision of Florida's Disposition of Unclaimed Property Act, Fla. Stat. § 717.124(4)(a). *Id.*

Plaintiffs argued that the provision, which allows owners to receive refunds from the State for the principal amount of unclaimed property, but not interest accrued while in the State's custody, violates the Takings Clause. *Maron v. Patronis*, 2023 WL 11891258, at *4 (N.D. Fla. Sep. 5, 2023). The lower court, relying on *Texaco, Inc. v. Short*, 454 U.S. 516 (1982), reasoned that the State could have escheated the property in its entirety because unclaimed property is "effectively abandoned." *Maron v. Patronis*, 2023 WL 11891258, at *4. Thus, the court held, taking the lesser step of retaining only the interest is constitutional. *Id.*

The Eleventh Circuit rejected that plaintiffs' property was "effectively abandoned," as the Act expressly labels it "presumed unclaimed" and grants the State only "custody". *Maron*, 2025 WL 1416665, at *8. The Court remanded for further proceedings to determine "whether the refund was the [plaintiffs'] property—that is, whether they in fact abandoned their refund before or when it entered the State's custody—and, if the Act itself effectuated an abandonment of property, whether the Act did so constitutionally." *Id*. at *10. The Court also noted that "it does not logically follow that, because the Florida Legislature could enact a constitutional escheatment statute, the Act as written now is constitutional." *Id*. at *9.

Although Fla. Stat. § 116.21 is an escheat statute, not a custodial one, *Maron* is instructive. It makes clear that courts cannot simply rely on *Texaco* to uphold an escheatment scheme without scrutinizing whether the property was "in fact abandoned" and whether the statute *constitutionally* "effectuat[es] an abandonment." *Id*. at *10. The district court opinion here relied on a reading of *Texaco* which is incompatible with this Court's recent opinion in *Maron*. It should be reversed.

**BAKER BOTTS** LLP

David J. Smith                                  - 2 -                              May 21, 2025


Sincerely,


Megan Tankel
Counsel for Appellant Blake Warner